

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SD:MMH
F. #2013R01626

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 19, 2014

<u>By Hand and ECF</u>

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Jaime Corsino Aguilar
     <u>Criminal Docket No. 13-707 (ILG)</u>

Dear Judge Glasser:

  The government submits this letter in advance of the sentencing in the above-captioned case, which is scheduled for Monday, September 22, 2014 at 11:30 a.m.  On January 10, 2014, the defendant Jaime Corsino Aguilar (the "defendant") pled guilty before Your Honor to illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).  In a submission filed on September 17, 2014, the defendant objects to the Guidelines calculation and requests a downward departure from the applicable Guidelines range.  <u>See</u> Docket Entry No. 17 ("Def. Ltr.").  For the reasons stated below, the government respectfully requests that the Court upwardly depart from the Guidelines range of 30 to 37 months imprisonment.[1]

I. <u>Background</u>

  The government agrees with the description of the offense conduct set forth in the Pre-sentence Investigation Report dated September 8, 2014 ("PSR").  Specifically, on September 11, 2013, the defendant, a citizen of Mexico,[2] was arrested in Queens, New York

---

[1] Because there is no plea agreement, the government is not precluded from taking a position as to where within or outside the Guidelines the defendant should be sentenced.

[2] The defense submission claims the defendant is a citizen of Peru, which contradicts the defendant's prior statements to immigration officers and the Bureau of Prisons.  <u>See</u> PSR ¶ 46 and Section IV.A., <u>infra</u>.

for Criminal Possession of Stolen Property, in violation of New York Penal Law § 165.04(01).  (See PSR ¶ 3.)

The Department of Homeland Security, Immigration & Customs Enforcement ("ICE") was notified of the defendant's arrest.  (See PSR ¶ 2.)  A review of the defendant's criminal history revealed that he had been previously removed from the United States on or about December 30, 1998.  (PSR ¶ 3.) ICE officials also learned that the defendant had a prior conviction for attempted burglary, in violation of Nevada Revised Statutes §§ 193.330 and 205.060, an aggravated felony.  (PSR ¶ 3.) The defendant used the names "Jaime Corsino" and "Jaime Coeniers" in connection with this conviction.  (Id.)

A search of immigration records revealed that the defendant did not apply for permission from either the United States Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States after removal.  (See PSR ¶ 1.)

The defendant was subsequently charged in a single-count indictment with being found in the United States after deportation following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).  (PSR ¶ 1.)  On January 10, 2014, the defendant pleaded guilty to the indictment before Your Honor without a written plea agreement.  Id.

II.     Guidelines Calculation

The PSR sets forth the Guidelines calculation, which states a total offense level of 21 and, based on a criminal history category of V, a Guidelines range of 70 to 87 months' imprisonment.  PSR ¶¶ 19, 20, 35, 69.  This calculation includes a 16-point enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), because the defendant was previously deported after a conviction for a crime of violence, and a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) &(b).  PSR ¶¶ 11-12, 16, 18.

The government agrees with the defendant that the 16-point enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) is not applicable to his conviction for attempted burglary because it is not a crime of violence.  See Def. Ltr. at 1-5.  However, as the defendant concedes, an 8-point enhancement should apply, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), because his prior conviction is for an aggravated felony.  Accordingly, the defendant's offense level is 13, which, based on a criminal history category of V, yields a Guidelines range of 30 to 37 months' imprisonment.

III.    A Non-Incarceratory Sentence is Not Warranted

The defendant claims that he deserves a non-incarceratory sentence because: (1) his return to the United States was motivated by his son's medical condition; (2) he faces immigration custody after his criminal sentence and (3) rehabilitative treatment is only available in a noncustodial setting.  Def. Ltr. at 5-7.  The Court should reject these arguments.

First, while the circumstances of the defendant's son's medical condition are sympathetic, they do not warrant a non-custodial sentence. See United States v. Roccisano, 673 F.3d 153, 158 (2d Cir. 2012) (no abuse of discretion in rejecting argument that defendant's daughter's mental health and his own physical health merit a below-Guideline sentence)

Second, the defendant is not entitled to a non-custodial sentence based on the prospect of immigration custody after his criminal sentence is served. The sentence imposed in the instant case addresses the consequences of the defendant's criminal conduct of returning to the United States illegally after a conviction for an aggravated felony. Indeed, "a detention that occurs pending deportation following a convicted alien's completion of his term of imprisonment should not be viewed as a detention resulting solely from his conviction. . . . Rather, it is part of a penalty that has traditionally been termed civil rather than punitive." United States v. Restrepo, 999 F.2d 640, 646 (2d Cir. 1993). Therefore, it cannot be a basis for a downward departure from the Guidelines.

Finally, a noncustodial sentence is not warranted to provide the defendant with rehabilitation. As the defendant concedes, he can enroll in literary or other skills programs while in custody. See Def. Ltr. at 7 & n.4.

IV.   An Upward Departure from the Applicable Guidelines Range is Warranted

Pursuant to 18 U.S.C. § 3553(a), the government respectfully requests that the Court impose a sentence above the Guidelines range of 30 to 37 months' imprisonment. The most relevant Section 3553(a) factors are the history and characteristics of the defendant and the need to afford adequate deterrence and protect the public from further crimes of the defendant.

A.   The History and Characteristics of the Defendant

The defendant's history and characteristics warrant an above-Guidelines sentence. Over the past twenty years, the defendant has accrued 12 convictions for theft, narcotics and weapons possession offenses in New Jersey, Maryland, Connecticut, New York and Nevada, yet only half of these convictions are counted in the calculation of his criminal history category because of their age. See PSR ¶¶ 22-27 (listing six convictions between 1995 and 1998 for which criminal history points do not apply). "Guidelines § 4A1.3(a)(2) expressly provides that '[p]rior sentence(s) not used in computing the criminal history category' may be considered in determining whether to depart under § 4A1.3(a)(1)." United States v. White, 552 F.3d 240, 253 (2d Cir. 2009) (quoting U.S.S.G. § 4A1.3(a)(2)). Here, the defendant's "many convictions and the regularity with which he committed crimes" warrant an upward departure. White, 552 F.3d at 253.

In addition to his criminal conduct, the Court should also consider the defendant's repeated lies to law enforcement and other authorities. As noted in the PSR, "[i]t appears that the defendant provided law enforcement with false information pertaining to his identity, or a variation thereof, in almost every single arrest." PSR ¶ 45; see also PSR at 2 (listing 12 aliases); PSR ¶¶ 37-42 (listing the defendant's additional aliases and false dates of

3

birth). The defendant's lies extend to the presentence investigation in this case, where his contradictory statements about his name, place of birth, familial status and education made it difficult for the Probation Department to accurately assess his personal characteristics. See PSR ¶¶ 45-52 (contrasting the defendant's statements in the instant presentence interview with his statements in a 2002 presentence interview). The defendant's extensive history of false representations warrants an above-Guidelines sentence.

      B.      The Need for Deterrence and to Protect the Public

An upward departure is also warranted to adequately deter the defendant from further criminal activity. Over the course of his criminal history, the defendant has received relatively lenient sentences, which have failed to deter him. See PSR ¶¶ 22-23 (custody terms of 5 days and 2 months for theft convictions); id. ¶ 25 (6 months' custody for criminal possession of a controlled substance); id. ¶¶ 30 (two 30-day incarceration periods for theft offenses). In keeping with this pattern, as recently as March 2014, while in custody for the instant offense, the defendant was sanctioned for stealing with the loss of two weeks of good conduct time. See PSR ¶ 53. The defendant's actions consistently deprived individuals and businesses of their property, with only minor consequences. The defendant must be held accountable for his repeated actions sufficient to ensure that he does not relapse into the same behavior. A sentence above the applicable Guidelines range will accomplish that goal.

V.      Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence above the applicable Guidelines range of 30 to 37 months' custody.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                  United States Attorney

                  By:    /s/Marcia M. Henry
                                Marcia M. Henry
                                Assistant U.S. Attorney
                                (718) 254-6393

cc:  Michael P. Padden, Esq. (by email and ECF)
     Probation Officer John J. Lanigan (by email)